Lara R. Shapiro (SBN 227194)
4344 Promenade Way, Unit 207
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (424) 228-5351
Shapiro.lara@gmail.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| WARREN PETERSON, TERESA HIRANO,<br><br>Plaintiffs,<br><br>vs.<br><br>MARINA CITY CLUB CONDOMINIUM OWNERS ASSOCIATION; PROPERTY MANAGEMENT PROFESSIONALS, LLC; ESSEX MARINA CITY CLUB, L.P.; ESSEX MCC, LLC; ESSEX PROPERTY TRUST, INC.; and DOES 1 - 50,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:<br>1. VIOLATIONS OF AMERICANS WITH DISABILITIES ACT;<br>2. VIOLATIONS OF UNRUH CIVIL RIGHTS ACT;<br>3. NEGLIGENCE;<br>4. LOSS OF CONSORTIUM<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Warren Peterson, and Plaintiff, Teresa Hirano, complain of

Defendants Marina City Club Condominium Owners Association; PMP Management, LLC; Essex Marina City Club, L.P.; Essex MCC, LLC; and DOES 1 - 50 ("Defendants") and alleges as follows:

## THE PARTIES

1. Plaintiff Warren Peterson is a California resident with physical disabilities. He is legally blind.

2. Plaintiff Teresa Hirano is a California resident and is the wife of Warren Peterson.

3. Defendants, ESSEX MARINA CITY CLUB, L.P., a California Limited Liability Company; ESSEX MCC, LLC, a Delaware Limited Liability Company; ESSEX PROPERTY TRUST, INC. (together the "ESSEX Defendants") are or were at all times relevant to the time of the incidents complained of herein, the owners, lessors, managers, and operators of the Promenade Apartments, which are in the Property known as the Marina City Club located at or about 4333 Admiralty Way, Marina del Rey, California and include the unit in which Plaintiffs reside known as 4344 Promenade Way Unit 208, Marina del Rey, CA 90292 ("the Property").

4. Defendants, MARINA CITY CLUB CONDOMINIUM OWNERS ASSOCIATION, a California Corporation; PROPERTY MANAGEMENT PROFESSIONALS, LLC, a California Limited Liability Company; manage and

control, along with the ESSEX Defendants, the common areas of the Property known as the Marina City Club and its amenities located at or about 4333 Admiralty Way, Marina del Rey, California.

5. Plaintiffs do not know the true names of the DOE Defendants, their business capacities, their ownership connection to the property, or their relative responsibilities in causing the access violations complained of herein and alleges a joint venture and common enterprise by all such Defendants. Plaintiffs are informed and believe, and on that basis allege that each of the Defendants herein, including DOES 1 through 50, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 50 inclusive, are ascertained.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and §§1343 (a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et. seq.

7. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which

expressly incorporates the Americans with Disabilities Act.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Property which is the subject of this action is located in this district and that Plaintiffs' causes of action arose in this district.

## FACTUAL ALLEGATIONS

9. The Plaintiffs have lived in the Marina City Club since approximately 2011 in the Promenade Apartments, and live closest to the Promenade Walkway "A" which is the major thoroughfare for access from the disabled parking lot in the front of the facility, past the laundry and trash facilities, past the walkway to the lap pool and out to the fenced in area to walk and to the boats. Plaintiffs walk their dog in this walkway and continues to desire to use the walkway. Plaintiffs have used this walkway since moving into the apartments in 2011. Plaintiff, Warren Peterson is legally blind and relies on memory and muscle memory when navigating the Property, and it is important that he use the routes he is familiar with, specifically the walkway and thoroughfare which runs from the parking lot through to the boats which is Promenade Walkway "A" and is the walkway closest to Plaintiffs' apartment.

10. For many years the trash room has been closed and not used by the public or the residents. However, recently Defendants have notified the residents, including Plaintiffs, that they must sort their trash in the trash room. This created

a situation where all the residents were suddenly instructed to go into the trash room and sort their trash and this in turn resulted in the door being opened frequently and the door stays open because it doesn't have a universal door closer that is working on either door. Trash Room "A" lacks an electronic door opener and is only accessible via stairs, as there is no trash chute for use on the first floor (ground floor). There are no alternative options provided for tenants with disabilities.

11. Not only are the facilities available to Marina City Club Condominium Owners but also to non-resident members who pay dues which includes access to all the facilities and amenities offered, including the Fitness Center. The Restaurant, and other businesses which are operating in the Property, are open to the public at any time during business hours without any membership or dues requirements. Therefore, the Marina City Club and its facilities are open to the public, and include places of public accommodation, and business establishments.

12. Unfortunately, the walkways are not accessible to persons with disabilities, nor are the trash rooms or the signs for trash sorting. The parking at the East side of the Property where the walkway thoroughfare is through Promenade Walkway "A" past the trash room "A" and up to Plaintiffs' apartment has handicap parking but no van accessible handicap parking. Additionally, the walkway from the handicap parking to the walkway thoroughfare is uneven and

5
COMPLAINT FOR DAMAGES

at a steeper grade than permitted. In addition, both the ADA space and the access aisle will need to be leveled, which means no more than a 2% grade in all directions. No part of the ramp can extend into either the ADA space or into the access aisle, which would create any more than a 2% grade in any part of the access aisle or any part of the ADA space. Here, the parking space in the parking lot next to the east tower on the east side of the property is also used as an Uber/Lyft/Taxi pick up area. Plaintiff cannot use this area as the access space to the walkway and part of the walkway is at a much steeper grade than 2% and also is very uneven, creating a trip and fall danger for disabled persons such as Plaintiff. Plaintiff cannot walk through this area if dropped off at the area to return to his apartment. Plaintiff cannot walk through this area to meet an Uber/Lyft/Taxi. Plaintiff has personally encountered this obstruction.

13. Plaintiff, Warren Peterson has personally encountered the obstructed walkway on one particular occasion, on or about July 11, 2023 and was severely injured when he walked into the edge of a door of the trash room in Promenade Walkway "A" which was open. The open door in this particular place in the walkway would not be visible to Plaintiff or any blind or legally blind person who was not looking directly at that space. Plaintiff's reduced field of vision did not permit him to see the open door to his right while he was looking ahead to the left, where the path jogs to the left going by the dog park, and towards the parking

lot. The trash room doors apparently have an automatic closing mechanism which has been deactivated or otherwise removed or altered so that the doors to the trash room in Promenade Walkway "A" do not automatically close and stay open once opened, at any angle to which they were opened, because the carpet impedes the free motion of the doors to close independently. The doors must be opened and closed manually, and will remain in any position, any angle, once opened.

14. Additionally, on information and belief, the Plaintiffs allege that the failure to remove these barriers by fixing the trash room doors and bringing the handicap parking into compliance was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible walkways and parking was not an "accident" because had the defendants intended to maintain clear and accessible pathways, and compliant parking, these issues would have been addressed; (3) Defendants have posted a CASP sign on the property indicating that they are working to upgrade the property to ADA Standards, yet this CASP sign is from at least 2017, and Essex's legal counsel, Mr. Beler, in an e-mail from August 8, 2023, stated that "…we are continuing to implement the ADA Compliance plan from 2018 as larger projects are undertaken at the property. As a recent example, we have been putting in curb cuts across the property to allow adequate wheelchair access."

15. Plaintiff has suffered a severe head injury resulting in concussion and post concussive trauma, muscle strain and sprain, and associated problems with the head injury and concussion suffered when he ran into the very edge of the propped open trash door on Promenade Walkway "A" - Trash Room "A" and hit his orbital socket which caused head trauma, concussion, and muscle strains in his neck with stiffness and soreness and headaches near the bottom of his head. Plaintiff is still receiving medical treatment for these injuries. Plaintiff is still treating for these injuries and may need future medical treatment for the injuries, and his treatment includes treatment for increased depression and anxiety.

16. Plaintiff's injuries include traumatic brain injury and post-concussive syndrome, and symptoms have caused him to be unable to work on his business, to network and communicate in an extended, alert and enthusiastic manner.

**I. FIRST CAUSE OF ACTION FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff Warren Peterson and against all Defendants (42 U.S.C. § 12101, et. seq.)**

17. Plaintiff Warren Peterson repleads and incorporates by reference, as though set forth at length below, the allegations contained in all prior paragraphs of this Complaint.

18. Title III also specifically states that for public accommodations discrimination incudes "failure to remove architectural barriers... in existing

facilities" unless it can be shown that removing a barrier is "not readily achievable" or accommodations cannot be provided through other means. (42 U.S.C. § 12182(b)(2)(iv)&(v).)

19. Because the Property predated the adoption of the 2010 Standards, the Defendants were required to modify the Property to provide accessible means of entry and exit to the extent that it was readily achievable. (42 U.S.C. § 12182(b)(2)(A)(iv).) For walkways, removing barriers may involve the installation of automatic doors for the trash room which open and close automatically with independent operation by the user to open the door, or other accessible operation that complies with the 2010 standards. For ADA accessible parking and access aisles, there must be an unobstructed path with proper slope and proper "cross-slope" to the point where it meets a sidewalk or entryway.

20. In the present case, the Defendants have failed to provide accessible parking and access and walkways and accessible trash room. There is no excuse for this failure. Although the Department of Justice adopted the 2010 Standards in 2010, the compliance date was not until March 15, 2012 to provide business and operators such as the defendants time to comply.  That due date was extended to May 21, 2012 and again to September 17, 2012, and finally to January 31, 2013 to ensure maximum fairness with respect to compliance. There is no further excuse.

9
COMPLAINT FOR DAMAGES

21. Here, the Defendants failed to provide ADA accessible parking and access and walkways and trash room, and therefore failed to provide full and equal access to disabled persons such as Plaintiff Warren Peterson. The Trash Room "A" doors which do not have accessible handles, are not automatic, and have to be pulled open but stay open because they do not close automatically and are stayed by the carpet, constitute an object protruding into the circulation paths which **cannot** be detected by a person which a visual disability. However, the cost to remedy this barrier is negligible and would not be considered under any circumstances to be so expensive as to excuse the owners/operators from making such renovations and repairs to the Trash Room "A" doors.

22. The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As Essex's legal counsel, Mr. Beler, in an email dated August 7, 2023 stated: "I will note that A) this is not a gated a community; B) there are commercial tenants who are open to the public;"  As such, the Defendants are required to ensure that persons with disabilities are not discriminated against, and, additionally, have specific duties to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet

these obligations.

23. Plaintiff has suffered a severe head injury resulting in concussion and concussive trauma, post concussive syndrome, muscle strain and sprain, and a serious bruise to his left heel that impaired his walking for weeks, and associated problems with the head injury and concussion suffered when he ran into the very edge of the propped open trash door on Promenade Walkway "A" - Trash Room "A" and hit his orbital socket Plaintiff is still receiving medical treatment for these injuries.

24. Plaintiff seeks a declaration that the property violates state law, an injunction requiring Defendants to modify the property so that it is fully accessible to, and independently usable by, blind and visually impaired individuals, along with a period during which the court will maintain continuing jurisdiction to ensure that Defendants remain in compliance with the law, damages allowed by statute, and attorney's fees and costs.

**II. SECOND CAUSE OF ACTION FOR VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff Warren Peterson and against all Defendants - Cal.Civ. Code §§ 51, 52)**

25. Plaintiff Warren Peterson repleads and incorporates by reference, as if fully set forth below, the allegations contained in all prior paragraphs of this Complaint.

26. Because the Defendants violated the Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code §§ 51(f), 52(a).)

27. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort, embarrassment and actual severe injury to the Plaintiff, the Defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code §§ 55.56 (a)-(c).)

28. Plaintiff seeks a declaration that the property violates state law, an injunction requiring Defendants to modify the Property so that it is fully accessible to, and independently usable by, blind and visually impaired individuals, along with a period during which the court will maintain continuing jurisdiction to ensure that Defendants remain in compliance with the law, damages allowed by statute, and attorney's fees and costs.

**III. THIRD CAUSE OF ACTION FOR NEGLIGENCE (On behalf of Plaintiff and against all Defendants)**

29. Plaintiff Warren Peterson repleads and incorporates by reference, as if fully set forth below, the allegations contained in all prior paragraphs of this Complaint.

30. The Defendants each had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act to provide safe,

convenient, and accessible facilities to the Plaintiff. The Defendants' breach of their duty, as alleged in the preceding paragraphs, and specifically, paragraphs 9 - 16, and 18 - 24, has caused injury to Plaintiff and resulting damages as alleged above.

31. Plaintiff was harmed because of the way Defendants managed the Property. Defendants owned/leased/controlled the Property. Defendants were negligent in the maintenance of the Property. Plaintiff was harmed and Defendants' negligence was a substantial factor in causing Plaintiff's harm.

32. Defendants routinely monitor the Trash Room "A" and had an affirmative duty to exercise ordinary care to keep the Property in a reasonably safe condition, and therefore must inspect them or take other proper means to ascertain their condition. By the exercise of reasonable care, Defendants knew or should have known that the Trash Room "A" doors were a dangerous condition, unable to close independently and therefore remaining "propped open" at any angle left by anyone pulling open either door. Many times per day the door(s) are propped open at angles, prevented from closing by the carpet and lack of automatic closing mechanism. Trash Room "A" is in the walkway which runs by a business open to the public, to where there is public voting during elections, to the lap pool and children's play area, and through to the boat docks.

33. Plaintiff has suffered a severe head injury resulting in concussion and

concussive trauma, muscle strain and sprain, left heel injury, and associated problems with the head injury and concussion suffered when he ran into the very edge of the propped open trash door on Promenade Walkway "A" - Trash Room "A" and hit his orbital socket which caused head trauma, concussion, and muscle strain and injury to his neck.

34. Plaintiff is still receiving medical treatment for this injury.

**V. FOURTH CAUSE OF ACTION FOR LOSS OF CONSORTIUM**

**(On behalf of Plaintiff Teresa Hirano and against all Defendants)**

35. Plaintiff, Teresa Hirano repleads and incorporates by reference, as if fully set forth below, the allegations contained in all prior paragraphs of this Complaint.

36. Plaintiff, Teresa Hirano is the wife of Warren Peterson and has been harmed by the injury to her husband, specifically, Teresa Hirano has lost the companionship, comfort, care, and assistance of Warren Peterson as he is unable to participate in activities, is unable to do most activities on his own, is unable to provide assistance in operating and maintaining the family home, and requires care for his injuries.

37. The direct and proximate cause of Plaintiff, Teresa Hirano's damages is the acts and omissions of Defendants in their violations of the ADA, Unruh Civil Rights Act, and negligence, which violations and negligence resulted in the

serious and severe injury to Plaintiff, Warren Peterson.

**PRAYER**:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act;

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4000;

3. Compensatory damages for medical bills, pain and suffering, and economic damages for Warren Peterson;

4. Reasonable attorney's fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52 and Cal. Civ. Proc. § 1021.5;

5. Compensatory damages for Teresa Hirano's loss of consortium claim;

6. Any and all other relief the Court finds just.

Dated: September 28, 2023     LARA SHAPIRO

__/s/ Lara Shapiro_____
Lara Shapiro, Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial for all claims for which a jury is permitted.

Dated: September 28, 2023     LARA SHAPIRO

__/s/ Lara Shapiro_____
Lara Shapiro, Attorney for Plaintiffs

15
COMPLAINT FOR DAMAGES

serious and severe injury to Plaintiff, Warren Peterson.

**PRAYER**:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act;

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4000;

3. Compensatory damages for medical bills, pain and suffering, and economic damages for Warren Peterson;

4. Reasonable attorney's fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52 and Cal. Civ. Proc. § 1021.5;

5. Compensatory damages for Teresa Hirano's loss of consortium claim;

6. Any and all other relief the Court finds just.

Dated: September 28, 2023     LARA SHAPIRO

__/s/ Lara Shapiro_____
Lara Shapiro, Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial for all claims for which a jury is permitted.

Dated: September 28, 2023     LARA SHAPIRO

__/s/ Lara Shapiro_____
Lara Shapiro, Attorney for Plaintiffs